## WALKER *et al. v.* LIDDELL.

FISH, J.   1. The plaintiffs' theory being that the defendant had purchased from their deceased father a life-estate only in certain land and had purchased from them the remainder interest therein, agreeing in parol to pay them for the same, and that they had thereupon conveyed such remainder to the father, in order that the transaction might be completed by his conveying to the defendant in fee; and the latter's theory being that he had purchased nothing from the plaintiffs, but had purchased the entire estate in the land from the father, it was competent, on the trial of the issue thus raised, for the defendant to introduce in evidence written instruments evidencing on their face a contract such as the defendant contended had been made.

2. A written instrument relating to another and entirely distinct transaction between the deceased and other persons was not admissible, but the error committed in allowing it to go to the jury was not in the present case cause for a new trial.

3. The correctness of the charge relating to the consequences of failing to produce a witness is not brought in question by the exception thereto, the only objection to it being that it was not authorized by any evidence; and even if this objection is well taken, it does not, in view of the entire record, warrant a reversal of the judgment.

4. The exceptions to the charge based on the ground that it did not accurately submit the contentions of the parties are not meritorious; for the charge as a whole presented with sufficient clearness the controlling issues upon which the case turned.

5. There was no error in refusing to send out with the jury a written memorandum not signed by the defendant, but offered and read in evidence in connection with evidence to the effect that he had admitted its correctness.   Though properly received for the purpose indicated, this paper was in no sense "documentary evidence."

6. There was no material error at the trial, and the verdict is in accord with the substantial justice of the case.

*Judgment affirmed.   All the Justices concurring.*

Argued December 9, 1897. — Decided March 1, 1898.

Complaint.   Before Judge Reid.   City court of Atlanta. May term, 1897.

*W. W. Haden* and *Rosser & Carter,* for plaintiffs.

*Arnold & Arnold* and *Candler & Thomson,* for defendant.